REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of her suit for injuries she suffered when she stepped onto the extension leaf of her employer’s dining room table in the course of cleaning the chandelier above the table. The extension leaf of the table, covered with a silence cloth, was apparently not secured to the ends of the table by its peg-and-hole devices. The leaf therefore gave way at the end when plaintiff stepped on it, causing her fall and injury.
We reverse the dismissal of plaintiff’s suit as to the homeowner’s insurer as to medical expenses only, and award the $258.50 medical expense plaintiff suffered and is entitled to under the policy’s no-fault medical coverage. We affirm the dismissal of the employer-homeowner and, as to its liability coverage, the insurer.
Plaintiff’s counsel makes a valiant effort in brief, covering several possible theories of liability. The case, however, is not a case of an employer supplying a defective place to work or an owner maintaining unreasonably dangerous premises. Neither table nor leaf was defective (even ignoring that a dining table — especially one with a leaf — is not designed to be stood on and ignoring the consequent question of whether a reasonably prudent person would stand on the leaf of a table). The leaf is designed to be added or removed as longer or shorter table length is desired, and the table is pulled open and then pushed closed from the ends to insert or remove a leaf. Unless the table is properly closed the leaf simply lies across some connecting members of the table. Plaintiff knew this as well as defendant did.
The combination of failing to close the table properly (so that the pegs-in-holes solidly tie the leaf or leaves to the rest of the table) and covering the table with a silence cloth (concealing the non-solidity of the surface) while knowing that the table is used to stand on may indeed constitute fault, but we cannot say the trial judge erred in concluding that plaintiff did not prove that defendant was the person guilty of this fault. Plaintiff herself was the servant in defendant’s home and her only testimony connecting defendant to the covered, non-closed table is that she says defendant set the table for a luncheon two weeks prior to the accident (and told plaintiff post-accident that she must then have left the leaf loose).
Defendant denied that she told that to plaintiff, and “doubted very much” that she had herself even set the table, because she was busy with guests she had personally driven to New Orleans from Mobile.
We conclude that the trial judge’s conclusion is based on a credibility evaluation which is not manifestly erroneous. We do not even reach the question whether standing on a dining table elongated by adding a leaf, especially when a cover prevents seeing whether the leaf is properly secured, constitutes contributory negligence.
Reversed in part, with judgment for plaintiff against State Farm Fire & Casualty Company for $258.50 with interest from demand and half of costs; otherwise affirmed.